# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| **John M. Domurad**<br>Clerk of Court<br><br>**Daniel R. McAllister**<br>Chief Deputy | James T. Foley U.S. Courthouse<br>445 Broadway, Room 509<br>Albany NY 12207-2936<br>(518) 257-1800 |

March 17, 2022

**In re: Melville v. Johnson & Johnson, et al; 1:19-CV-1407 (GLS/CFH)**

Dear Counsel:

It has been brought to my attention that Judge Gary L. Sharpe, who was assigned in the above-mentioned case, may have owned a limited amount of stock in Johnson & Johnson. This case was disposed via a transfer to the Multi-District Litigation Panel (District of New Jersey-MDL-2738) without the involvement of Judge Sharpe therefore, we have no reason to believe that his ownership of stock affected or impacted this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision. Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge, and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before March 24, 2022. Any response will be considered by another judge of this court without the participation of Judge Sharpe.

Sincerely,

*John Domurad*

John M. Domurad
Clerk of Court